UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KEVIN M. EPSTEIN
UNITED STATES TRUSTEE REGION 7
JAYSON B. RUFF
TRIAL ATTORNEY
515 RUSK, SUITE 3516
HOUSTON, TX 77002
Telephone: (713) 718-4650
Fax: (713) 718-4680
E-Mail: Jayson.b.ruff@usdoj.gov

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
|   PARK 4 LESS, LLC, | § | CASE NO. 21-31686 |
| | § | |
| | § | |
| | § | CHAPTER 11 |
| DEBTOR. | § | |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS OR CONVERT CASE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**BLR 9013 NOTICE**: THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY .
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

    COMES NOW, Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "UST"), by and through the undersigned counsel, who respectfully requests entry of an order dismissing or converting this case pursuant to 11 U.S.C. § 1112(b),[1] and represents as follows:

**PRELIMINARY STATEMENT**

---

[1] All "section" and "§" references herein are to Title 11 of the United States Code, unless otherwise stated.

1

Debtor has had ample opportunity to avail itself of the benefits of chapter 11 in order to confirm a plan and seek a fresh start for its business. However, Debtor has not availed itself of this opportunity and instead has squandered its time in chapter 11 by (i) using its limited resources for non-business related purposes, (ii) failing to demonstrate its commitment to stop such waste of limited resources when given the opportunity by this Court to do so, and (iii) imprudently firing its legal counsel without obtaining new counsel in this matter. All of these reasons make it unreasonable to believe this Debtor can ever properly manage its estate or confirm a Plan. Given that Debtor is presently without legal counsel, this case should be dismissed or alternatively converted to a chapter 7 assuming Debtor obtains new counsel prior to this motion being heard.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. A matter involving a motion to convert or dismiss is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is appropriate under 28 U.S.C. § 1408.

2. Kevin M. Epstein, is the duly appointed United States Trustee for the Southern District of Texas under 28 U.S.C. § 581(a)(7). Section 307 provides the UST with standing to appear and be heard on any issue in a case or proceeding under title 11. Under 28 U.S.C. § 586(a)(3), the UST is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*.

## II. FACTUAL BACKGROUND

3. On May 21, 2021 ("Petition Date") Park 4 Less, LLC ("Debtor") filed its voluntary petition for relief under chapter 11,[2] which was signed by Rehan Rehman ("Mr. Rehman") as the Debtor's General Manager.

4. On May 24, 2021 the Chris Quinn was appointed[3] by the UST as the Sub Chapter V Trustee for Debtor (the "Sub V Trustee").

5. A creditors meeting was held on July 8, 2021. Mr. Rehman appeared and testified on behalf of Debtor.

6. On July 13, 2021, the Court entered it Order[4] Authorizing the Employment of Reese W. Baker & Associates ("Baker") as Debtor's counsel.

7. On August 19, 2021 Debtor filed its Plan of Reorganization for Small Business Under Chapter 11 ("Plan").[5]

8. On September 24, 2021, creditor DSDY Real Estate, LLC filed its objection to Debtor's

---

[2] Doc. No. 1. All "Doc. No." references herein are to bankruptcy case number 21-31686, unless otherwise stated.
[3] Doc. No. 3.
[4] Doc. No. 16.
[5] Doc. No 34.

Plan (the "DSDY Objection")[6] objecting in part to the confirmation of the Plan on the basis that the proposed cure of Debtor's defaults of its lease with DSDY was not prompt as required by the Bankruptcy Code.

9. On November 10, 2021, a hearing was held to consider the confirmation of Debtor's Plan (the "Confirmation Hearing"). At the Confirmation Hearing, the Court posed certain questions on the record to the Debtor concerning the expenditures of the Debtor reported in the bank statements filed with its monthly operating reports, noting that many of the expenditures appeared to be personal in nature and unrelated to the operation of Debtor's business. The Confirmation Hearing was continued to a date to be determined to allow the Debtor and Sub V Trustee time to review the Debtor's expenditures and determine if there were certain non-business expenditures Debtor could refrain from making in order to improve Debtor's cash flow allowing Debtor to could cure the defaults on its lease with DSDY promptly. Assuming Debtor could not show that it could promptly cure such defaults, then Debtor would not be able to confirm its Plan.

10. On December 2, 2021, the Baker filed its Emergency Motion to Withdraw as Counsel to the Debtor (the "Motion to Withdraw").[7]

11. On December 9, 2021, the Court held a hearing on the Motion to Withdraw, granted said motion and set a further hearing on December 16, 2021 to allow some time for Debtor to obtain new counsel and to provide a response to the inquiry the Court has posed to the Debtor at the Confirmation Hearing concerning expenditures.

12. The Motion to Withdraw alleged that, "Park 4 Less has notified Baker that the representation is terminated by the Debtor",[8] which allegation Mr. Rehman confirmed was true at the December 9, 2021 hearing.

13. As of the Date of this Motion, Debtor has filed operating reports for May 2021 through September 2021.[9]

14. Notably, the September 2021 report did not include a copy of bank statement as required despite the Debtor including a copy of its bank statements with all other monthly reports.

### III. RELIEF SOUGHT

15. The UST seeks an order converting or dismissing this case under § 1112(b)(1) and § 1112(b)(4)(B), (F), (H), and (J).

### IV. BASIS FOR RELIEF

---

[6] Doc. No. 48.
[7] Doc. No. 64.
[8] Motion to Withdraw at ¶ 11.
[9] May 2021 Report filed on August 18, 2021 at Doc No. 30, June 2021 Report filed on August 18, 2021 at Doc. No. 31, July 2021 Report filed on September 29, 2021 at Doc. No. 52, August 2021 Report filed on September 29, 2021 at Doc. No. 53, and September 2021 filed on November 10, 2021 at Doc. No. 63.

16. Section 1112(b)(1) provides that the Court shall convert or dismiss a case if the movant establishes cause.

17. As set forth above, Debtor is now without legal counsel and could not articulate any efforts to obtain new counsel at the hearing on the Motion to Withdraw.

18. Under clearly established law, a corporation or other artificial entity cannot appear in federal court unless it is represented by counsel. See, e.g., *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that … cannot appear pro se, and must be represented by counsel."); *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("A corporation is not permitted to litigate in federal court unless it is represented by a lawyer licensed to practice in that court.").

19. BLR 1002-1(a) also requires that "Corporate or partnership parties must be represented by counsel at all times." BLR 1002-1(a).

20. Further, cause exists to convert or dismiss this case pursuant 11 U.S.C. §1112(b)(4)(B), (J), and (M) on the facts set forth above due to Debtor's (i) use of estate assets for non-business related purposes, (ii) terminating employment of its counsel without obtaining new counsel, (iii) failing to file bank statements with its operating report after the Court questioned Debtor about expenditures on bank statements filed with prior reports, and (iii) failing to meaningfully show it can promptly cure its defaults with DSDY necessary to confirm its Plan.

WHEREFORE, the UST prays that this Court enter an order dismissing this case pursuant to § 1112(b), or alternatively converting this case in the event Debtor obtains legal counsel prior to this motion being decided.

Dated: December 10, 2021

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE

By: /s/Jayson B. Ruff
Jayson B. Ruff
Trial Attorney
Michigan Bar No. P69893
Houston, TX  77002
Telephone:  (713)718-4650 ext. 252
Facsimile:  (713)718-4670

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing MOTION OF THE UNITED STATES TRUSTEE TO DISMISS CASE ("Motion") to be served upon the parties listed below by the manner indicated and the Motion was served on all parties receiving electronic notice via ECF on the 10th day of June 2021.

/s/Jayson B. Ruff

**VIA US MAIL FIRST CLASS**

**Park 4 Less, LLC**
Attn: Rehan Rehman
8102 Telephone Rd.
Houston, TX 77061