IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-31686 |
| | § | |
| PARK 4 LESS, LLC, | § | (CHAPTER 11) |
| | § | |
| *Debtor.* | § | |

---

**EMERGENCY MOTION OF DSDY REAL ESTATE, LLC TO CONVERT THE
DEBTOR'S CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7**

---

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE

DSDY Real Estate, LLC ("DSDY" or "Landlord") moves the Court to convert the

Debtor's Chapter 11 Case To A Case Under Chapter 7; and in support would respectfully show

the Court as follows:

## I.  JURISDICTION AND VENUE

1.      This court has jurisdiction of this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C.A. § 157.

2.      Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL AND PROCEDURAL BACKGROUND

3.      On May 21, 2021 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code.

4.      The Debtor operates a parking lot next to Hobby Airport containing approximately 500 spaces which it rents to customers.

5.      From 2016 through the present, the Debtor has leased the real estate on which the parking lot is situated from Movant DSDY Real Estate, LLC, pursuant to the terms of a written lease agreement.

6.      As of the Petition Date, the Debtor was deeply in arrears, owing past-due rent totaling $456,800.00.

7.      The Debtor has continued to use and operate its parking lot business on the Leased Premises as a debtor-in-possession.

8.      On July 6, 2021, after the Debtor failed to pay post-petition rent when due on or before the first day of June and July 2021, in violation of 11 U.S.C. § 365(b)(3) and (d)(3), DSDY filed a motion to compel the Debtor to pay post-petition rent.  [Doc. 13]  The Court granted the Motion to Compel on August 3, 2021 and ordered the Debtor to become current on all post-petition rent.  [Doc. 26]

9.      Up to and through November 2021, the Debtor has paid all post-petition rent that has become due.  As of the date of this Motion, the Debtor has not paid rent for December 2021, in violation of this Court's order.

10.     Over the course of this proceeding, the Debtor has failed to comply with its obligations as a debtor-in-possession.  Specifically, the Debtor took out a $500,000 post-petition secured loan from the United States Small Business Administration and paid a $46,000 commission to a loan broker without this Court's approval.  It was not until after DSDY brought this post-petition, unauthorized loan to the Court's attention that the Debtor admitted, albeit in a cryptic fashion, that it applied for a SBA loan pre-petition, which the Debtor claimed had not been approved and thus never funded.  The Debtor later admitted that the loan was, in fact, approved in "early August [2021]," and that it received the loan proceeds "at the end of August." [*See* Doc. 43 at 2 ¶¶ 3, 4].  This is one of many misrepresentations the Debtor has made to the Court and parties in interest about its liabilities.

11.     On November 10, 2021, this Court held a confirmation hearing on the Debtor's Chapter 11 plan.  During the hearing, the Court raised concerns about the Debtor-In-Possession's misuse of estate funds to pay numerous personal expenses, as shown on the Debtor's operating reports.  The Court continued the confirmation hearing to a date to be determined.

12.     On December 2, 2021, the Debtor's attorney filed an emergency motion to withdraw as counsel and an emergency motion to filed documents under seal.  The Court held a hearing on the motions on December 9, 2021.  During the hearing, the Court reiterated its concerns about the Debtor-In-Possession's misuse of estate funds.  After DSDY advised the Court that it intended to file a motion to convert the Debtor's chapter 11 case to a case under chapter 7, the Court set a hearing at 9:00 a.m. on December 16, 2021.  The Court notified the parties that the motion to convert would be considered on such date.

## III. ARGUMENT AND AUTHORITIES

### A.  Applicable Standard For Conversion To Chapter 7.

13.     Section 1112(b)(1) of the Bankruptcy Code governs conversion of a Chapter 11 case to a Chapter 7 case. 11 U.S.C. § 1112(b)(1); *In re Humble Place Joint Venture*, 936 F.2d 814, 817 (5th Cir.1990).  Specifically, Section 1112(b)(1) provides, in pertinent part, that "on request of a party in interest . . . the court shall convert a case under this chapter to a case under chapter 7 . . . for cause . . . ." 11 U.S.C. § 1112(b)(1).  Several factors constituting "cause" are enumerated in Section 1112, including the following which are applicable to the case at bar:

> (B) gross mismanagement of the estate;
>
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors; [and]
>
> (E) failure to comply with an order of the court.

11 U.S.C. § 1112(b)(4).

14.     Courts have noted that "this list is not exhaustive.  The court may consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." *In re Gow Ming Chao*, 11-38131, 2011 WL 5855276, at *6 (Bankr. S.D. Tex. Nov. 21, 2011) (quoting *Casse v. Key Bank Nat'l Ass'n (In re Casse )*, 198 F.3d 327, 334–35 (2nd Cir. 1995).

### B.  The Court Should Convert The Debtor's Chapter 11 Case To A Case Under Chapter 7.

15.     Cause exists to convert this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.  The Debtor-In-Possession has grossly mismanaged the estate and misused cash collateral without the Court's approval by (1) using estate funds to pay personal expenses of the Debtor's principal, Rehan Rehman; and (2) taking out unauthorized post-petition

financing from the United States Small Business Administration ("SBA") secured by blanket liens on property of the estate without this Court's approval; and (3) paying $46,000.00 to a loan broker in connection with the unauthorized SBA loan.  Numerous purchases made by the Debtor-In-Possession were in no way related to the Debtor's business operations and resulted in zero benefit to the estate.  Although the Debtor-In-Possession returned the unauthorized loan proceeds and received a refund of the $46,000 loan broker fee, it only did so after being caught in the act.  What's more, the Debtor has callously disregarded its obligations as a debtor-in-possession by failing to attach bank statements to its September 2021 monthly operating report; and by failing to file monthly operating reports for any months thereafter.

16.     Moreover, the Debtor-In-Possession has violated this Court's order compelling the Debtor to timely pay post-petition rent when due.  Specifically, the Debtor failed to pay rent for the month of December 2021.

17.     DSDY submits that conversion of this Chapter 11 case to a case under Chapter 7 is in the best interest of the estate and its creditors.  Unlike the Debtor-In-Possession, a Chapter 7 Trustee will act in the best interest of the estate and its creditors.  Further, it is unlikely the Debtor will be able to confirm a Chapter 11 plan given that, *inter alia*, it lacks sufficient funds to promptly cure its pre-petition defaults under the Lease.  Finally, as the Honorable Jeff Bohm stated in *In re Gow Ming* Chao, "[t]o dismiss this case would send the wrong message to debtors in general and these Debtors in particular; namely, that there are no material consequences for completely shirking fundamental duties of the Code." 2011 WL 5855276, at *7 (Bankr. S.D. Tex. Nov. 21, 2011).

18.     For these reasons, the Court should convert this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.

**PRAYER**

WHEREFORE, DSDY Real Estate, LLC respectfully requests that the Court grant this motion and enter an order converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code; and grant such other or further relief at law and in equity as is just and proper.

Respectfully submitted,

WILSON, CRIBBS + GOREN, P.C.

By: */s/ Brian B. Kilpatrick*
Brian B. Kilpatrick, TBN 24074533
Email: bkilpatrick@wcglaw.com
2500 Fannin Street
Houston, Texas 77002
Telephone (713) 222-9000
Facsimile (713) 229-8824

***Attorneys For DSDY Real Estate, LLC***

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on December 13, 2021, a true and correct copy of the foregoing Motion was served on parties identified below and all parties requesting notices electronically *via* the Court's CM/ECF notification system.

   <u>***Via CM/ECF***</u>
   Reese W Baker
   Baker & Associates
   950 Echo Lane, Suite 300
   Houston, TX 77024
   Email: courtdocs@bakerassociates.net
   ***Attorneys for Park 4 Less, LLC, Debtor***

   <u>***VIA US MAIL FIRST CLASS***</u>
   Park 4 Less, LLC
   Attn: Rehan Rehman
   8102 Telephone Rd.
   Houston, TX 77061

             */s/ Brian B. Kilpatrick*
             BRIAN B. KILPATRICK