United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 21, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**PARK 4 LESS, LLC**<br><br>     **Debtor.** | Case No. 21-31686<br><br>Chapter 7 |

### ORDER GRANTING EMERGENCY MOTION OF CHAPTER 7 TRUSTEE TO CONTINUE TO OPERATE THE DEBTOR'S BUSINESS AND FOR RELATED RELIEF

(This Order relates to Dkt. No. 81)

Upon consideration of the *Emergency Motion of Chapter 7 Trustee to Continue to Operate the Debtor's Business and for Related Relief* (the "Motion"); and the Court having determined it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 105(a) and 721; and it appearing to the Court that the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b) and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing to the Court that due and proper notice of the Motion has been given under the circumstances and no other or further notice need be provided; and it further appearing to the Court, after review of the Motion, any objections thereto, and the record at any hearing before the Court on the Motion, that the Trustee has established the basis for the relief requested thein;  IT IS HEREBY ORDERED:

  1.  The Motion is GRANTED to the extent set forth in this Order.

  2.  The Trustee is authorized to continue to operate the business of Park 4 Less, LLC (the "Business") as set out in the Motion through March 16, 2022, provided that nothing in the Motion or this Order shall be construed to require the Trustee to operate the business of the Debtor. If the Trustee determines in his business judgment that continued operation of the Debtor's

business is not in the best interests of the Debtor's bankruptcy estate, the Trustee may take all actions appropriate to cease such operations without further order of the Court.

3. The Trustee is authorized to engage the Debtor's former employees and managers as independent contractors under reasonable terms without further order of the Court. For the purposes of this Order, it shall conclusively be deemed reasonable to compensate (a) the Debtor's former employees at the same rate they were paid prior to the conversion of the case, (b) the Debtor's former management at the rate of up to $2,500 per week, and (c) contractors to replace the Debtor's former employees, if necessary, at a rate comparable to the rate at which such former employees were compensated. Notwithstanding, anything to the contrary in the Motion or this Order, any engagement and right to compensation shall occur only pursuant to an express agreement with the Trustee, the Trustee shall have no obligation to offer to engage any person as a contractor, and the Trustee may terminate any such engagement at any time in the Trustee's sole discretion. Any agreement with the Trustee pursuant to this order shall create an independent contractor relationship between the Debtor's chapter 7 bankruptcy estate and the person engaged to operate the business of the Debtor and not any employer-employee relationship.

4. The Trustee is authorized to retain the Debtor's prepetition bank accounts provided that the Trustee implements controls, in the Trustee's business judgment prevent any unauthorized distributions from such accounts.

5. The Court shall retain jurisdiction with respect to all matters relating to the interpretation and implementation of this order.

Signed:  December 21, 2021

_____
Christopher Lopez
United States Bankruptcy Judge