**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 21-31686 |
| | § | |
| PARK 4 LESS, LLC, | § | (Chapter 7) |
| | § | |
| Debtor. | § | |

**TRUSTEE'S EXPEDITED APPLICATION TO EMPLOY WEBSTER'S AUCTION PALACE, INC. AS AUCTIONEER AND AUTHORIZE SALE OF ASSETS**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**The Trustee seeks expedited consideration and requests that the Court provide a hearing date for the matter. If the Court considers the motion on an expedited basis, then you will have less than 21-days to answer. If you object to the requested relief or if you believe that the expeditated consideration if not warranted, you should file an immediate response.**

**Represented parties should act through their attorney.**

**TO THE HONORABLE CHRISTOPHER M. LOPEZ,**
**UNITED STATES BANKRUPTCY JUDGE:**

Christopher Murray, chapter 7 trustee (the "**Trustee**") of the estate of Park 4 Less, LLC (the "**Debtor**"), files this *Expedited Application to Employ Webster's Auction Palace, Inc. as Auctioneer and Authorize Sale of Assets* (the "**Application**") and the Declaration of Billy D. Webster ("**Webster Declaration**"), attached as **Exhibit 1** hereto in support of the Application, and respectfully states as follows:

## EXPEDITED RELIEF REQUESTED

1. The Trustee requests that the Court enter an order, substantially in the form of the proposed order attached hereto, authorizing the Trustee to both: (a) retain Webster's Auction Palace, LLC ("**Webster's**") as auctioneer pursuant to the terms outlined in **Exhibit 2**, and (b) authorize the Trustee to sell the Assets, defined below, through Webster's under Bankruptcy Code § 363.

2. The Trustee requests that the Court consider this Application on an expeditated basis. There are assets that the Trustee and proposed auctioneer are unable to move, including a 53ft trailer due to concerns with its bad tires and brakes, and thus remain located on an unsecure lot. These assets can be sold onsite and be removed by the buyer upon completion of the sale. While there is no immediate concern warranting emergency relief, expedited relief will reduce the risk of loss as these assets will remain on the lot pending the approval of this Application.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested in this Motion are §§ 105(a), 327, 328, and 330 of the Bankruptcy Code.

## BACKGROUND

5. On May 21, 2021, the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code ("**Petition Date**").

6. On December 16, 2021, the case was converted to chapter 7 and Christopher Murray was appointed as the chapter 7 trustee for the Debtor's estate ("**Estate**").

7. The Debtor's estate includes many assets that need to be liquidated, including 5 shuttle buses, 2 golf carts, a fuel trailer, a school bus, and other miscellaneous equipment, vehicles, and items (the "**Assets**").

8. The Trustee proposes to employ Webster's to auction the Assets via its auction website, www.webstersauction.com. The Assets will be sold in place from 14463 Luthe Road, Houston, Texas 77039. The auction will commence promptly after this Court enters an order approving this Application.

9. Webster's has substantial auction experience having operated continuously since it was founded in 1979 and has consistently been awarded first place honors in national advertising at conventions across the United States. Webster's has expertise auctioning a variety of items, including but not limited to, jewelry, gold and silver coins, heavy equipment, vehicles, firearms, estates, boats, antiques, furniture, complete businesses and real estate. Webster's has been selected as an approved Houston auctioneer for the Southern District of Texas Bankruptcy Courts, and also conducts auctions for banks, storage companies, the U.S. Marshals Service, federal and state receiverships, and other governmental entities.

10. The Trustee submits that Webster's has the experience, ability, and resources necessary to successfully auction the Assets.

11. The Trustee proposes to pay Webster's an auctioneer's commission equal to 20% of the gross sale with a 15% buyer's premium (paid by the buyer) to be collected by the auctioneer from each successful bidder which will be retained by the bankruptcy estate. Further, Webster's will seek the reimbursement of its actual and necessary expenses related to the auction, outside of commissions or buyer premium, and will cap it expenses to $2,500. At the close of the auction, Webster's will submit an expense report and auction report to the Trustee. The Trustee seeks authority to pay Webster's commissions and reimburse the expenses from the proceeds of the sale without need for further Court order.

12. To the best of the Trustee's knowledge, and based upon the Webster Declaration, Webster's does not represent or hold any interest adverse to the Trustee or the Estate with respect to

the matters for which Webster's is to be employed and Webster's is a "disinterested person" within the meaning of Bankruptcy Code § 101(14).

13. Except as set forth in the Webster Declaration, to the best of the Trustee's knowledge, Webster's does not have any connection with the Debtor, its respective attorneys and accountants, the United States Trustee, or any other person employed in the Office of the United States Trustee.

## BASIS FOR RELIEF REQUESTED

### A. The Trustee's Employment of Webster's Should be Approved.

14. Section 327(a) of the Bankruptcy Code states that a trustee may, with court approval, "employ one or more . . . auctioneers . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties" under the Bankruptcy Code.

15. Bankruptcy Code § 704(a)(1) requires trustees to "collect and reduce to money the property of the estate for which such trustee serves."

16. An auctioneers or other profession can be employed "on any reasonable terms and conditions of employment, including . . . on a fixed percentage fee basis . . ." 11 U.S.C. § 328(a). Auctioneers can be paid from proceeds of an auction. *See, e.g., In re Heinze,* 418 B.R. 576, 581 (Bankr. M.D.N.C. 2009) (holding, in the contest of a § 363(j) proceeding, that a 10% auctioneer's commission was an expense of sale that could be deducted from the proceeds of a § 363 sale).

17. Here, the Trustee proposes to employ Webster's to auction the Assets. The Trustee must reduce the Estate's assets to money, and the Trustee believes auctioning the Assets and or arranging private sales is the most efficient means for accomplishing that goal. Webster's extensive experience and internet presence will ensure that the Trustee receives the best price of the Assets.

18. The Trustee submits that Webster's proposed compensation—20% commission and the 15% buyer premium, along with its cap on expenses—is reasonable and commensurate with the auction fees charged in the Houston area.

19. As described in the Webster Declaration, Webster's does not hold any interest adverse to the estate and is a "disinterested person" as required by § 327.

**B. The Sale of the Assets Should be Approved.**

20. A Trustee may sell, after notice and a hearing, a debtor's assets outside the ordinary course of business. 11 U.S.C. § 363(b)(1). Generally, to obtain approval of a proposed sale of assets, a trustee must "satisfy its fiduciary duty to the debtor, creditors and equity holders [by articulating some] business justification for using, selling, or leading the property outside the ordinary course of business." *In re Continental Air Lines, Inc.,* 780 F.2d 1223, 1226 (5th Cir. 1986).

21. Auctioning the Assets is the most efficient means of reducing them to cash. The Trustee believes that attempting to sell the Assets on an individual basis or via court auction would likely result in much higher costs to the estate. Furthermore, given the current state of events, the Trustee believes that an internet-based auction with an established auctioneer would reach the largest number of potentially interested parties, ensuring that the Trustee receives the best bids in a cost-effective manner.

22. For these reasons, the Trustee requests that the Court authorize the sale of Assets by Webster's under § 363(b).

**PRAYER**

Accordingly, the Trustee respectfully requests that the Court enter an order, substantially in the form of the proposed order attached to this Application, and for any other relief as the Court deems appropriate.

Date: March 7, 2022                                    Respectfully submitted,

                                                **Jones Murray & Beatty LLP**

*By: /s/ Jacqueline Q. Chiba*
Jacqueline Q. Chiba
State Bar. No. 24116899
jackie@jmbllp.com
J. Maxwell Beatty
State Bar No. 24051740
max@jmbllp.com
602 Sawyer Street, Suite 400
Houston, TX 77007
Tel. 832-529-3381
Fax. 832-529-3393

*Proposed Counsel to Christopher Murray,
Chapter 7 Trustee for the Debtor*